CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2014

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:09CR00054 |
| | ) (CASE NO. 7:13CV80603) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| DAVID ALEXANDER RAMEY, JR., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

David Alexander Ramey, Jr., a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon consideration of the record, the court concludes that the government's motion to dismiss the § 2255 motion as untimely filed must be granted in part and denied in part.

I

Ramey pleaded guilty, pursuant to a written plea agreement, to distributing 5 grams or more of crack cocaine and, on March 8, 2010, the court sentenced him to 84 months in prison.[1] After the court entered judgment against Ramey on March 11, 2010, the court received no communication from him for over a year. In July of 2011, Ramey wrote to the court, requesting a reduction in the payment schedule toward his restitution. He made no mention of a pending appeal from his conviction. Then, on December 5, 2011, the court received Ramey's notice of appeal, dated March 15, 2010, but postmarked November 28, 2011, from El Paso, Texas. The

---

[1] Ramey had previously been convicted in 1999 on a federal drug charge and sentenced to concurrent terms of 108 months in prison, to be followed by concurrent terms of 4 years of supervised release. Case No. 7:95CR00126. At the time of the offense in this case, Ramey was serving the supervised release terms imposed in the 1995 case. On March 8, 2010, the court revoked his supervised release in Case No. 7:95CR00126 and sentenced him to serve consecutive terms of 36 months, for a total sentence of 72 months, to be served consecutive to the 84-month sentence imposed in his newer case. The same attorney represented Ramey in both this case and the revocation proceedings in the older case.

court processed the notice in the usual manner and transmitted the record to the United States Court of Appeals for the Fourth Circuit.

The government moved to dismiss Ramey's appeal as untimely, and Ramey moved for remand to the district court for determination of the date he properly delivered the notice of appeal to prison officials for mailing. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner's court pleading is considered filed when delivered to prison authorities for mailing to the court). The court of appeals granted Ramey's motion and remanded the case for the limited purpose of allowing this court to determine whether Ramey's notice of appeal was timely filed. United States v. Ramey, No. 11-5140 (4th Cir. Feb. 21, 2012).

The court directed Ramey to provide additional information concerning the date when he delivered his notice of appeal to prison authorities. Ramey, through his appellate counsel, submitted his sworn declaration, stating that he had placed the notice of appeal in the Roanoke City Jail's inmate mail system on March 15, 2010, just four days after he was sentenced. Ramey stated that he did not know the normal processing time for a criminal appeal, so did not become concerned about his appeal outcome until more than a year had passed. At this point, Ramey stated, he became concerned that the court might never have received his original notice of appeal. He states that he prepared a second copy of his notice of appeal and mailed it to the court in December of 2011. The government argued that Ramey's explanation was not credible and so did not support a finding that he had filed a timely notice of appeal. To resolve this credibility issue, the court scheduled the matter for an evidentiary hearing.

At the start of the evidentiary hearing on June 29, 2012, counsel announced that Ramey intended to withdraw his notice of appeal. Finding no need for the hearing, court was recessed.

On July 12, 2012, the Fourth Circuit granted Ramey's motion for voluntary dismissal of his appeal.

On June 29, 2012, Ramey, by counsel, filed a motion for reduction of sentence under 18 U.S.C. § 3582(c) and Amendment 750 to the federal sentencing guideline for crack cocaine offenses. The government objected to any reduction, but the court ultimately granted Ramey's motion. By memorandum opinion and order entered March 7, 2013, the court reduced Ramey's sentence from 84 months to 70 months in prison.

Ramey signed and dated his § 2255 motion on May 20, 2013, and moved to seal the motion's contents for security reasons. The court denied his motion to seal, but granted him an opportunity to submit a more detailed affidavit under seal, which he did. The government has moved for dismissal of the § 2255 motion as untimely filed, and Ramey has responded, making the matter ripe for disposition.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires, and if he does appeal and the court of appeals denies relief, the conviction becomes final when the defendant's opportunity to file a petition for a writ of certiorari expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003).

Ramey argues that his consent to dismissal of his appeal is evidence that the Court of Appeals accepted and docketed the appeal, such that his opportunity to appeal did not expire until that Court dismissed his appeal with his consent on July 6, 2012. Specifically, Ramey asserts that because his "consent to voluntarily dismiss the appeal was filed on 7/6/12 . . . [his] § 2255 [motion was] not due until 7/6/13." (ECF No. 65, p. 12.) The government argues that the court should not include the pendency of the appeal at all in calculating Ramey's filing period under § 2255(f)(1). Instead, the government argues, the court must disregard Ramey's appeal, because the court did not receive the notice of appeal within the time for appeal under Rule 4(a) of the Federal Rules of Appellate Procedure, and Ramey voluntarily chose to forego the evidentiary hearing to determine if his notice of appeal was timely or not.

Neither party argues the issue of timeliness based on the nature of Ramey's § 2255 claims. The § 2255 motion alleges two grounds for relief: (1) counsel was ineffective for failing to file an objection to the length of the sentence imposed for revocation of his supervised release; and (2) the defendant is entitled to a sentence reduction for substantial assistance, based on the prosecutor's promise, outside the plea agreement, to move for such a reduction. The court concludes that each of these claims requires a separate timeliness analysis, outside the arguments raised by the parties.

**Claim 1: Supervised Release Sentence**

Ramey's first claim, although asserted in this 2009 criminal case, is actually a challenge to the sentence the court imposed in Case No. 7:95CR00126, based on the revocation of Ramey's supervised release in that case. On March 11, 2010, the court entered a judgment order revoking Ramey's supervised release and sentencing him to two consecutive terms of 36 months in prison. Ramey did not appeal that judgment. The notice of appeal Ramey purportedly delivered to jail officials on March 15, 2010, listed only Case No. 7:09CR00054. Moreover, this notice specifically stated that Ramey wished to appeal "the order sentencing him to 84 months in prison entered on March 11, 2010." (ECF NO. 46-2, at 1.) The notice makes no mention of Case No. 7:95CR00126 or the supervised release revocation sentence it involved.

Because Ramey did not appeal the March 11, 2010 revocation judgment in Case No. 7:95CR00126, that judgment became final for purposes of § 2255(f)(1) on March 25, 2010. Ramey then had one year—until March 25, 2011, to file a timely § 2255 claim about his supervised release revocation sentence. Ramey's § 2255 claim challenging the validity of that sentence was filed, at the earliest, on May 20, 2013, more than two years outside the statutory filing period under § 2255(f)(1). He does not state facts on which his filing period for this claim could be calculated under any of the other subsections of § 2255(f). Likewise, Ramey does not offer any ground for equitable tolling of the filing period as to this claim. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (finding that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition). Accordingly, as to Ramey's Claim 1, challenging his supervised release sentence, the court will grant the motion to dismiss.

5

### Claim 2: Sentence Reduction for Substantial Assistance

Ramey's second claim asserts that, at sometime after the plea agreement, the prosecutor promised, but failed to file, a motion for reduction of Ramey's sentence, based on substantial assistance Ramey and his brother, Tony, provided to law enforcement. Ramey's exhibits, although yet to be authenticated, appear to indicate that discussions between Ramey's counsel and the prosecutor about a substantial assistance reduction continued well into 2012. Ramey also asserts that his appellate counsel relayed promises to him from the government, off the record, which induced him to withdraw his appeal in June of 2013. One exhibit, dated October 8, 2012, indicates that, at that time, the prosecutor was offering, but has never filed, a 24-month reduction in Ramey's sentence, based on substantial assistance.

After review of the record, the court construes this claim as alleging that the government, in bad faith, refused to fulfill a post-plea agreement promise to move for a reduction in Ramey's sentence after he offered substantial assistance to law enforcement. Given the nature of this claim, the court concludes that its timeliness must be calculated under § 2255(f)(4). This claim relies, in significant part, on facts that developed within one year of May 20, 2013, when Ramey filed his § 2255 motion. As the court thus cannot find the claim to be untimely filed, the court will deny the motion to dismiss and grant the government an opportunity to respond on the merits of Ramey's claim. An appropriate order will issue this day.

ENTER: This 31st day of January, 2014.

_____
Chief United States District Judge